UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| LT. JOHN THOMAS BERRY,       )<br>                                                      )<br>            Plaintiff,                 )<br>                                                      )<br>      v.                                            )           Civ. No. 8-157-B-W<br>                                                      )<br>LARRY COSTA, *et al.*,            )<br>                                                      )<br>            Defendants.          ) | |

**RECOMMENDED DECISION**

On July 10, 2008, I issued a recommended decision, subsequently adopted, on the defendants' motion to dismiss, finding that the Court could exercise personal jurisdiction over the defendants, Larry Costa and Worldwide Language Resources, LLC. (Doc. Nos. 14, 17.) The defendants' initial motion (Doc. No. 5) and supporting memorandum of law (Doc. No. 6) also sought dismissal on the ground that service had not been accomplished. I recommended that the Court deny the motion at that time, although I noted that the defendants had not yet been properly served, and I indicated that the plaintiff needed to attend to that matter in a timely fashion. Rather than attending to proper service or even sending the defendants a proper written request for waiver of service, including a waiver form and a prepaid means for its return, etc., as required by Rule 4(d), the plaintiff's counsel sent an e-mail to defense counsel requesting that they volunteer on behalf of their clients to spare him the burden of service. There was no response over the next *several* weeks and the plaintiff has yet to properly serve either defendant with a summons and complaint or to take any affirmative steps in that regard. After more than 120 days since the removal of this action from state court, the defendants filed a "renewed" motion to dismiss based on the failure to serve process. (Doc. No. 23.) In between the original

motion and the renewed motion, both defendants filed answers, but both defendants also asserted insufficiency of service of process among their affirmative defenses. (Doc. Nos. 19, 21.) The motion has been referred to me for a report and recommendation. I recommend that the Court grant the motion.

## Background

There is no factual dispute. It is agreed that the plaintiff failed to effectuate proper service on either defendant within 120 days of the date on which his complaint was filed in this Court. The plaintiff's response to the motion is cursory and offers only the opinion that the defendants are playing games. He does not suggest that any special negative consequence would arise if his complaint were dismissed without prejudice, such as a bar arising from a statute of limitation. He asks that he be awarded fees for the bother of responding to the motion and cites a factually dissimilar case in support of that request. He asks the Court to let him send the papers by certified mail, if it is inclined to grant the motion, and to let him send the papers exclusively to Worldwide's corporate office, even for purposes of "serving" the individual defendant, Larry Costa. (Pl.'s Opposition, Doc. No. 27.) Plaintiff's counsel's supporting affidavit explains that the defendant's counsel disregarded his e-mail about waiver of service. Plaintiff's counsel does not indicate that he has taken any steps to actually serve the defendants since he was told, on September 15, that a waiver would not be given. He does not argue that the defense of lack of service has been waived by either defendant. (Aff. of David J. Van Dyke, Esq., Doc. No. 28.) Defense counsel outlines the communications between himself and plaintiff's counsel, as he recalls them. He notes that his clients' answers, filed September 2, both assert the defense of lack of service, so that plaintiff's counsel had notice that there would be no waiver even before counsel spoke on the 15th of September. (Aff. of Christopher T. Vrountas, Esq., Doc. No. 29-2.)

**Discussion**

Pursuant to Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice . . . or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Extension of the time for service is mandatory only "if the plaintiff shows good cause for the failure."  Id.  The plaintiff's effort to serve the defendants has not been reasonable, particularly as he was advised in my last recommended decision of the need to attend to the matter of service.  Moreover, rather than petitioning the Court for additional time once he realized that a waiver would not be given or that his time would expire, the plaintiff simply left it to the defendants to raise the matter.  Because the plaintiff fails to show good cause for his failure to serve the defendants, the Court is not required to afford him with any additional time to achieve that end.  The Court may extend the time for service, but it is not required to.  Id.; see also Hunsinger v. Gateway Mgmt. Assocs., 169 F.R.D. 152, 154 (D. Kan. 1996).  Were the Court inclined to grant this indulgence, the relief would be to *extend the time* for service, not to permit the summons and complaint to be delivered by certified mail where that approach is not authorized by the applicable state or federal rules of procedure.  Additionally, as to sending the papers by mail to Costa, in care of Worldwide:  "It is well established that individuals may not be served by merely leaving the complaint and summons at their place of business, unless an agent receives the documents, as provided by Rule 4(e)(2)."  Figueras v. Autoridad de Energia Electrica, 553 F. Supp. 2d 43, 44 (D. P.R. 2007).

Proper service is a prerequisite for the Court's exercise of personal jurisdiction.  Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987) ("[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a

3

constitutionally sufficient relationship between the defendant and the forum.  There also must be a basis for the defendant's amenability to service of summons.  Absent consent, this means there must be authorization for service of summons on the defendant.");  see also Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 351 (1999) ("Unless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights.").  As one Court has put it:  "Service of process on a [defendant] is the procedural incident of the assertion of a court's jurisdiction over it."  Eastman Kodak Co. v. Studiengesellschaft Kohle mbH, 392 F. Supp. 1152, 1154 (D. Del. 1975).  In other words, even if the Court is competent to exercise jurisdiction over the persons of the defendants, it cannot do so prior to proper service or a valid waiver of service.

For the sake of completeness, although the plaintiff does not make the argument, the circumstances do not give rise to a waiver of service.  I note this only because the defendants both filed answers to the complaint after the Court's ruling on their motion to dismiss.  Filing an answer following the denial of a motion to dismiss for lack of service does not amount to waiver of service so long as lack of service continues to be asserted as an affirmative defense in the answer.  Hassler, Inc. v. Shaw, 271 U.S. 195, 199-200 (1926);  Harkness v. Hyde, 98 U.S. 476, 479 (1879).  Waiver arises, in contrast, where the defendant appears and pleads, without first objecting to the lack of proper service.  See, e.g., Richards v. Harper, 864 F.2d 85, 87 (9th Cir. 1988) (finding waiver of service where defendant made a "general appearance" by filing a responsive pleading without ever having disputed jurisdiction or the adequacy of process).  None of the acts performed by the defendants or their counsel, to date, including removal of the action from state court and the filing of an answer to the complaint, has given rise to a waiver of service because the defendants have consistently objected to the insufficiency of service and first

4

asserted the defense in a Rule 12 motion to dismiss.  See Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990) ("Under Fed.R.Civ.P. 12(h)(1), a party is deemed to have waived any objection to personal jurisdiction or service of process if the party makes a pre-answer motion under Rule 12 and fails to include such objections in that motion.") (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1391, at 852-53 (1969));  Flint v. Coffin, 176 F. 872, 875 (4th Cir. 1910) ("It is only where a defendant pleads to the merits without insisting upon the illegality relating to the process that the objections to it are held to have been waived.");  Kiro v. Moore, 229 F.R.D. 228, 230-31 (D. N.M. 2005) (finding that neither counsel's entry of an appearance on defendant's behalf nor the filing of removal papers gives rise to a waiver of service).[1]

The record reflects that process has not been properly served on the defendants in a timely fashion and that the defendants have not waived, to date, their right to remain free from this Court's jurisdiction in the absence of sufficient service or waiver.  Consequently, the Court still cannot exercise jurisdiction over the defendants in relation to the merits of this controversy.  In the particular circumstances of this case, I RECOMMEND that the Court GRANT the

---

[1]     There are not a great many published decisions of recent vintage, presumably because most defendants recognize that insisting upon service in hand normally only gives rise to an added expense for them.  See Fed. R. Civ. P. 4(d)(2).  Here, however, the plaintiff failed to properly request a waiver under Rule 4(d)(1), so the potential for additional expense does not presently exist for the defendants, whether by way of Rule 4(d)(2) or by way of any sanction.  The Rules obviously do not expose the defendants to sanctions simply because they are insisting on proper service, which is their right.  As to plaintiff's assertion that defendants are "playing games with the Court and with the Rules of Civil Procedure," I am frustrated by the conduct of both counsel.  Plaintiff's counsel waited 67 days and did nothing to insure that service would be completed, in total disregard of my instruction to "sort it out."  Then when defendants finally made clear that they did not intend to do anything remotely reasonable such as agreeing to accept service on behalf of their clients, plaintiff's counsel did not ask the Court for additional time to complete the service he had neglected to undertake.  Instead, he filed a nonresponsive response to their motion to dismiss complaining that he should be awarded attorney's fees for being forced to comply with the Federal Rules of Civil Procedure.   I am in total agreement that the entire matter serves to waste the Court's time and divert its attention from the real issues that should be addressed in the case.  However, it makes little sense to proceed with this matter in its present posture only to one day find out that because service had never been waived the entire proceeding was a nullity.

defendants' renewed motion to dismiss (Doc. No. 23) and DISMISS the plaintiff's complaint WITHOUT PREJUDICE pursuant to Rule 4(m).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

November 4, 2008